**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NATIONAL INSURANCE ATTORNEYS, PLLC d/b/a NATIONAL INSURANCE ADVOCATES,<br><br>Plaintiff-Stakeholder,<br><br>v.<br><br>KHUSHI LLC;<br>RESTORE MASTERS CONTRACTING, LLC;<br>INSURED ADVOCACY GROUP, LLC; and<br>INSURED ADVOCACY GROUP II, LLC<br>a/k/a Insured Advocacy Group 2 LLC,<br><br>Defendants-Claimants. | ) | Case No. 4:26-cv-26-1628 |

**COMPLAINT FOR INTERPLEADER**

Plaintiff-Stakeholder National Insurance Attorneys, PLLC d/b/a National Insurance Advocates ("NIA" or "Plaintiff"), for its Complaint for Interpleader under 28 U.S.C. § 1335, states as follows:

**NATURE OF THE ACTION**

1. This is an action in statutory interpleader. Plaintiff holds $56,250.00 in its attorney trust account (the "Disputed Funds"). The Disputed Funds are part of insurance settlement proceeds paid on behalf of Plaintiff's client, Defendant Khushi LLC ("Khushi"). Khushi, Defendant Restore Masters Contracting, LLC ("Restore Masters"), and Defendants Insured Advocacy Group, LLC and Insured Advocacy Group II, LLC a/k/a Insured Advocacy Group 2 LLC (together, "IAG") each claim, or may claim, an interest in the Disputed Funds.

2. Plaintiff claims no interest in the Disputed Funds. It takes no position on the merits of the competing claims. Plaintiff cannot determine, without risk of multiple liability, to whom the Disputed Funds should be paid. Plaintiff therefore asks the Court to accept deposit of

the Disputed Funds into its registry, require the Defendants to interplead and litigate their claims among themselves, discharge Plaintiff from further liability for the Disputed Funds, and award Plaintiff its costs and reasonable attorney's fees from the Disputed Funds.

## PARTIES

3. Plaintiff National Insurance Attorneys, PLLC d/b/a National Insurance Advocates is a Texas professional limited liability company engaged in the practice of law. Plaintiff holds the Disputed Funds in its Missouri attorney trust (IOLTA) account.

4. Defendant Khushi LLC is a Missouri limited liability company (Missouri Secretary of State Charter No. LC001587812) whose principal place of business is at 10432 West Florissant Avenue, St. Louis, Missouri 63136. On information and belief, each of Khushi's members is a citizen of Missouri. Khushi is therefore a citizen of Missouri.

5. Defendant Restore Masters Contracting, LLC is a Texas limited liability company (Texas Secretary of State File No. 0802208116). On information and belief, its principal office is at 400 E. Las Colinas Blvd., Suite 1050, Irving, Texas 75039. On information and belief, none of Restore Masters' members is a citizen of Missouri.

6. Defendant Insured Advocacy Group, LLC is a Texas limited liability company (Texas Secretary of State File No. 0804333493). On information and belief, none of its members is a citizen of Missouri.

7. Defendant Insured Advocacy Group II, LLC is a Texas limited liability company (Texas Secretary of State File No. 0804867169). It is identified in certain documents as "Insured Advocacy Group 2 LLC." On information and belief, none of its members is a citizen of Missouri.

## JURISDICTION AND VENUE

8. The Court has subject-matter jurisdiction under 28 U.S.C. § 1335. Plaintiff has in its custody money of $500 or more, namely $56,250.00. Two or more adverse claimants of diverse citizenship claim, or may claim, entitlement to that money. Section 1335 requires only minimal diversity, meaning diversity between any two adverse claimants. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967). Here, Khushi is a citizen of Missouri. On information and belief, Restore Masters and each IAG entity are not citizens of Missouri.

9. Upon the Court's order, Plaintiff will deposit the Disputed Funds into the registry of the Court, as 28 U.S.C. § 1335(a)(2) permits, under Federal Rule of Civil Procedure 67 and Local Rule 13.04.

10. Venue is proper in this District under 28 U.S.C. § 1397 because Khushi, one of the claimants, resides in this District. Venue is proper in the Eastern Division because Khushi resides in St. Louis County, Missouri, and the property and events that gave rise to the Disputed Funds are located there.

11. Under 28 U.S.C. § 2361, process may be served on each Defendant in any district in which it resides or may be found.

## FACTUAL ALLEGATIONS

### A. Plaintiff's Limited Engagement and Receipt of the Settlement Proceeds

12. Khushi owns commercial property at 10432 West Florissant Avenue, St. Louis, Missouri 63136 (the "Property"). Khushi made a first-party property insurance claim to its insurer, Wesco Insurance Company ("Wesco"), for storm damage to the Property (Claim No. 3935293).

13. Khushi engaged Plaintiff for one purpose: to represent Khushi in its first-party property insurance dispute with Wesco. That engagement included the lawsuit *Khushi, LLC v. Wesco Insurance Company*, originally filed in the Circuit Court of St. Louis County, Missouri (No. 25SL-CC05798) and removed to this Court (No. 4:25-cv-00942-NCC).

14. Plaintiff was not engaged to represent, and did not represent, Khushi in connection with any agreement between Khushi and Restore Masters, any dealings between Restore Masters and IAG, or any dispute over who is entitled to the Disputed Funds. Plaintiff does not represent any party with respect to the competing claims to the Disputed Funds.

15. Khushi's dispute with Wesco has been resolved. Plaintiff received the settlement proceeds on Khushi's behalf and deposited them into its Missouri attorney trust account.

**B. The Competing Claims**

16. After the settlement proceeds were received, Restore Masters notified Plaintiff that it asserts an interest in the proceeds under a "Service Agreement" that Restore Masters contends it entered into with Khushi. A copy of the Service Agreement, as provided to Plaintiff, is attached as **Exhibit A**. Plaintiff takes no position on the nature, basis, validity, or amount of Restore Masters' claim, which Restore Masters may set forth in its answer in this action.

17. IAG has notified Plaintiff that it asserts an interest in amounts payable to Restore Masters, including amounts arising from the Property, based on its alleged purchase of, or security interest in, Restore Masters' accounts receivable. Copies of a purchase addendum and a May 11, 2026 letter from IAG, as provided to Plaintiff, are attached as **Exhibit B** (redacted to remove information about unrelated accounts) and **Exhibit C**. In its letter, IAG demanded that funds in which Restore Masters claims an interest not be disbursed to anyone other than IAG, and asserted that disbursement to anyone else may result in double liability. Plaintiff takes no

position on the nature, basis, validity, or amount of IAG's claim, which IAG may set forth in its answer in this action.

18. Khushi has advised Plaintiff that it disputes the claims of Restore Masters and IAG and claims the Disputed Funds for itself.

19. As required by Missouri Supreme Court Rule 4-1.15(g), Plaintiff has kept the Disputed Funds, $56,250.00, separate in its trust account, and has distributed the remaining proceeds as authorized by its client. Plaintiff has not disbursed any of the Disputed Funds.

20. On September 14, 2026, Plaintiff notified counsel or representatives for Restore Masters and IAG in writing that Khushi disputes their asserted interests, and that Plaintiff would begin an interpleader proceeding and deposit the disputed funds with the Court rather than decide the parties' rights on its own.

**COUNT I — INTERPLEADER (28 U.S.C. § 1335)**

21. Plaintiff incorporates paragraphs 1 through 20 as if fully set forth here.

22. Defendants have made, or may make, adverse and conflicting claims to the Disputed Funds. Because of those claims, Plaintiff may be exposed to double or multiple liability if it pays the Disputed Funds to any one Defendant.

23. Plaintiff is a disinterested stakeholder. It claims no interest in the Disputed Funds, takes no position on which Defendant is entitled to them, and has not colluded with any Defendant.

24. Plaintiff cannot safely determine which Defendant, if any, is entitled to the Disputed Funds. It is ready and willing to deposit the Disputed Funds into the registry of the Court and to abide by the Court's judgment.

25. Bringing this interpleader action is outside the scope of Plaintiff's engagement by Khushi. Plaintiff brings it solely as a neutral stakeholder, because of the Defendants' competing claims and to satisfy its obligations under Missouri Supreme Court Rule 4-1.15(g). The fees Plaintiff earned in the underlying insurance dispute do not compensate Plaintiff for this action, and Plaintiff will not bill any party separately for it.

26. Plaintiff has incurred, and will continue to incur, costs and attorney's fees in bringing this action. As a disinterested stakeholder that is not in substantial controversy with any claimant, Plaintiff may be awarded its reasonable costs and attorney's fees from the interpleaded funds, at the Court's discretion. *See Federated Mut. Ins. Co. v. Moody Station & Grocery*, 821 F.3d 973 (8th Cir. 2016). Plaintiff will limit its request to the reasonable fees and costs of preparing and filing this action, depositing the funds, and obtaining its discharge. It will support the request with an affidavit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff-Stakeholder respectfully requests that the Court enter an order and judgment:

(a) granting Plaintiff leave to deposit the Disputed Funds, $56,250.00, into the registry of the Court, to be invested in the Court Registry Investment System under Local Rule 13.04;

(b) requiring Defendants to interplead and litigate among themselves their respective claims to the Disputed Funds;

(c) under 28 U.S.C. § 2361, restraining Defendants, and all persons acting in concert with them, from instituting or prosecuting any proceeding in any State or United States court against Plaintiff, or its members, attorneys, or employees, concerning

the Disputed Funds or Plaintiff's holding or deposit of them, until further order of the Court;

(d) upon deposit of the Disputed Funds, discharging Plaintiff from all further liability to Defendants concerning the Disputed Funds, and dismissing Plaintiff from this action with prejudice;

(e) awarding Plaintiff its costs and reasonable attorney's fees incurred in this interpleader, to be paid from the Disputed Funds before distribution; and

(f) granting such other and further relief as the Court deems just and proper.

Dated: October 12, 2026

Respectfully submitted,

*/s/ Anthony Pastor, Esq.*
Anthony Pastor, 78372
Rights & Recovery Law LLP
6619 S. Dixie Hwy., #363
Miami, Florida 33143
Telephone: (833) 701-4110
anthony@rightsandrecoverylaw.com
service@rightsandrecoverylaw.com

*Counsel for Plaintiff-Stakeholder*